UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| In re:<br><br>JAMISON HAMLIN DYER,<br><br>　　Debtor. | Chapter 13<br><br>Case No.: 24-80163 |
| In re:<br><br>JAMISON HAMLIN DYER,<br><br>　　Plaintiff,<br><br>　　v.<br><br>LINDA CARUSO, et al.,<br><br>　　Defendants. | Adv. No. 24-08004 |

**ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Fidelity National Title Company ("**Fidelity National**" and Tiffany Carroll ("**Carroll**") (collectively, the "**Fidelity Defendants**"), by and through their undersigned counsel, hereby files this Answer and Affirmative Defenses (the "**Answer**") to the Amended Complaint (the "**Amended Complaint**") [Doc. No. 19] filed by Jamison H. Dyer ("**Plaintiff**"), and in support thereof states as follows:

1. Fidelity Defendants are not required to answer the statements made in Paragraph 1 of the Amended Complaint. In the event otherwise, Fidelity Defendants admit that they are defendants in the above-referenced adversary proceeding and deny the remainder of Paragraph 1.

2. Fidelity Defendants deny the statements made in Paragraph 2 of the Amended Complaint, and also contend that some or all of the exhibits may not be admissible under the Federal Rules of Evidence as inadmissible hearsay.

3. Fidelity Defendants admit that Plaintiff purchased a home located at 601 Cottage Street, Houston Texas on or about April 29,2014, and deny the remaining statements in Paragraph 3.

4. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 4 and therefore deny same.

5. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 5 and therefore deny same.

6. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 6 and therefore deny same.

7. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 7 and therefore deny same.

8. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 8 and therefore deny same.

9. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 9 and therefore deny same.

10. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 10 and therefore deny same.

11. Fidelity Defendants admit they were at a closing of the sale of 601 Cottage Street, Houston, Texas but deny the remaining allegations contained in Paragraph 11, including the admissibility of Exhibit 3 as an authentic true and correct copy.

12. Fidelity Defendants admit they were at a closing of the sale of 601 Cottage Street, Houston, Texas but deny the remaining allegations contained in Paragraph 12.

13. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 13 and therefore deny same.

14. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 14, including the admissibility of Exhibit 3 as an authentic true and correct copy, and therefore deny same.

15. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 15 and therefore deny same.

16. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 16 and therefore deny same.

17. Fidelity Defendants admit that they are holding net proceeds from the sale of 601 Cottage Street, Houston, Texas for the benefit of Plaintiff, but deny the remaining allegations contained in Paragraph 17.

18. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 18 and therefore deny same.

19. Paragraph 19 calls for a legal conclusion and the Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 19 and therefore deny same.

20. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 20 and therefore deny same.

21. Fidelity Defendants are not required to answer the statements made in Paragraph 21 of the Amended Complaint. In the event otherwise, Fidelity Defendants deny same.

22. Fidelity Defendants are not required to answer the Table of Contents. In the event otherwise, Fidelity Defendants deny same.

23. Fidelity Defendants deny the statements made on Paragraph 22.

24. Fidelity Defendants deny the statements made on Paragraph 23.

25. Fidelity Defendants deny the statements made on Paragraph 24.

26. Fidelity Defendants deny the statements made on Paragraph 25.

27. Fidelity Defendants deny the statements made on Paragraph 26.

28. Fidelity Defendants deny the statements made on Paragraph 27.

29. Fidelity Defendants deny the statements made on Paragraph 28.

30. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 29 and therefore deny same.

31. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 30 and therefore deny same.

32. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 31 and therefore deny same.

33. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 32 and therefore deny same.

34. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 33 and therefore deny same.

35. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 34 and therefore deny same.

36. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 35 and therefore deny same.

37. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 36 and therefore deny same.

38. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 37 and therefore deny same.

39. Fidelity Defendants admit Scott is a former employee of Fidelity Defendants and was the closing agent for the sale of 601 Cottage Street, Houston, Texas. Fidelity Defendants deny any remaining statement contained in Paragraph 38.

40. Fidelity Defendants admit they insure title among other things and deny the statements made in Paragraph 39.

41. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 40 and therefore deny same.

42. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraph 41 and therefore deny same.

43. Paragraph 42 calls for a legal conclusion. To the extent otherwise, Fidelity Defendants deny same.

44. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraphs 43 and 44 and therefore deny same.

45. Fidelity Defendants are not required to answer paragraph 45.

46. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraphs 46 and 47 and therefore deny same.

47. Fidelity Defendants are without knowledge sufficient to form a belief as to the statements made in Paragraphs 48 through 199 and therefore deny same. To the extent any

statement involves a legal conclusion, Fidelity Defendants deny same, including the admissibility of any exhibit referenced therein as an authentic true and correct copy.

48. Fidelity Defendant deny the statements made in Paragraph 200.

49. Fidelity Defendants are without information sufficient to form a belief as to the statements made in Paragraphs 201 through 220 and therefore deny same. To the extent any statement involves a legal conclusion, Fidelity Defendants deny same, including the admissibility of any exhibit referenced therein as an authentic true and correct copy.

50. Fidelity Defendants deny the statements made in Paragraph 221.

51. Fidelity Defendants are without information sufficient to form a belief as to the statements made in Paragraphs 222 through 226 and therefore deny same. To the extent any statement involves a legal conclusion, Fidelity Defendants deny same, including the admissibility of any exhibit referenced therein as an authentic true and correct copy.

52. Fidelity Defendants deny the statements made in Paragraph 227.

53. Fidelity Defendants are without information sufficient to form a belief as to the statements made in Paragraphs 227 through 254 and therefore deny same. To the extent any statement involves a legal conclusion, Fidelity Defendants deny same, including the admissibility of any exhibit referenced therein as an authentic true and correct copy.

54. Fidelity Defendants deny the statements made in Paragraph 255 through 266.

55. Fidelity Defendants are without information sufficient to form a belief as to the statements made in Paragraphs 267 through 296 and therefore deny same. To the extent any statement involves a legal conclusion, Fidelity Defendants deny same, including the admissibility of any exhibit referenced therein as an authentic true and correct copy.

56. Fidelity Defendants deny the statements made in Paragraph 297.

57. Fidelity Defendants are without information sufficient to form a belief as to the statements made in Paragraphs 298 through 314 and therefore deny same. To the extent any statement involves a legal conclusion, Fidelity Defendants deny same, including the admissibility of any exhibit referenced therein as an authentic true and correct copy.

58. Fidelity Defendants deny the statements made in Paragraphs 315 and 316.

59. Fidelity Defendants are without information sufficient to form a belief as to the statements made in Paragraphs 317 through 322 and therefore deny same. To the extent any statement involves a legal conclusion, Fidelity Defendants deny same, including the admissibility of any exhibit referenced therein as an authentic true and correct copy.

60. Fidelity Defendants deny the statements made in Paragraph 323 through 326.

61. Fidelity Defendants are without information sufficient to form a belief as to the statements made in Paragraphs 327 through 331 and therefore deny same. To the extent any statement involves a legal conclusion, Fidelity Defendants deny same, including the admissibility of any exhibit referenced therein as an authentic true and correct copy.

62. Fidelity Defendants deny the statements made in Paragraph 332 through 333.

63. Fidelity Defendants are without information sufficient to form a belief as to the statements made in Paragraphs 334 through 353 and therefore deny same. To the extent any statement involves a legal conclusion, Fidelity Defendants deny same, including the admissibility of any exhibit referenced therein as an authentic true and correct copy.

64. Fidelity Defendants deny the statements made in Paragraphs 354 through 366.

## **AFFIRMATIVE DEFENSES**

Fidelity Defendants assert the following defenses in opposition to the claims asserted by the Plaintiff against the Fidelity Defendants in the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

65. The Complaint, including each of the Counts set forth therein, fails to state facts sufficient to constitute a claim for relief against the Defendants.

**SECOND AFFIRMATIVE DEFENSE**

66. Plaintiffs are barrd by the doctrines of latchs, collateral estopple, res juducata, and othe legal estopple doctrines.   .

**RESERVATION OF RIGHTS**

67. Fidelity Defendants reserve their rights to amend their Answer and add additional defenses that may be ascertained during the course of this litigation.  Further, to the extent applicable, Fidelity Defendants reserve the right to claim setoff and recoupment and assert administrative expense status.

**WHEREFORE**, the Fidelity Defendants respectfully request that the Court deny the Plaintiff's request for relief under the Amended Complaint, dismiss the Amended Complaint with prejudice, award attorneys' fees and costs to the extent proven before the Court and grant such further relief as this Court deems just and proper.

Dated:  July 22, 2024

/s/ Trey A. Monsour
Trey A. Monsour, Esq. (Tex. Bar No. 14277200)
Daniel J. Madden, Esq.
Fox Rothschild LLP
Saint Ann Court
2501 North Harwood Street, Suite 1800
Dallas, TX  75201
Telephone:     (214) 231-5796
Facsimile:      (972) 404-0516
E-mail: tmonsour@foxrothschild.com
            dmadden@foxrothschild.com

*Attorneys for Fidelity National Title Company and Tiffany Carroll*

160828447.1

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 24, 2024, a true and correct copy of the above and foregoing was filed electronically and notice was served via the court's CM/ECF system on all parties entering an appearance and requesting such notice.

                                      */s/ Trey A. Monsour*
                                      Trey A. Monsour, Esq.