## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | **Case No. 24-80163** |
| **JAMISON H. DYER,** | § | |
| | § | |
| *Debtor.* | § | **Chapter 13** |
| | § | |
| | § | |
| **JAMISON H. DYER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **Adversary No. 24-ap-08004** |
| v. | § | |
| | § | |
| **LINDA CARUSO, ET AL,** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS TEXAS FLIPCO FINANCIAL, LLC
## AND FLIPCO HOLDCO, LLC'S MOTION TO DISMISS

Defendants Texas FlipCo Financial, LLC and FlipCo HoldCo, LLC (together "FlipCo") move to dismiss Plaintiff Jamison H. Dyer's 343-page Amended Complaint [Dkt. 19] pursuant to Federal Rule of Civil Procedure 12(b)(6). The length of pleading is not a substitute for factual allegations, which remain missing as to FlipCo.

Dyer's Amended Complaint groups multiple defendants together through a series of transactions without providing any substantive allegations about any wrongdoing by FlipCo. This is because FlipCo, even under Dyer's own allegations, played a limited and tangential role as a secured lender to a third party. Accordingly, FlipCo moves to dismiss Dyer's Amended Complaint under Rule 12(b)(6).

## I.   INTRODUCTION

This lawsuit revolves around a property located at 601 Cottage St., Houston, Texas (the "Subject Property") that was purportedly owned by the Plaintiff, Jamison H. Dyer. Specifically, Dyer asserts various claims against more than a dozen defendants, alleging that they played roles in the purported unlawful transfer of the Subject Property through a series of transactions.

Dyer asserts a single cause of action against the two FlipCo defendants for "Third Party Recovery for Knowing Participation in Breach of Fiduciary Duties," and separately requests the equitable relief of a constructive trust, injunctive relief, and rescission. Dyer does not, however, plead any factual allegations that demonstrate FlipCo's knowledge of, let alone participation in, any breach of fiduciary duties. Dyer's requests for equitable relief (to the extent those are construed to seek relief from FlipCo) are equally unsupported.

Repleading would be futile: Dyer does not plead the needed facts because FlipCo's sole connection to the Subject Property was as a lender to one of the defendants, Alejandro Sanchez. This is the sum of Dyer's allegations about FlipCo:

> On or about February 1, 2023, Defendant mortgagor, Texas Flipco Financial, LLC, owned 100% by Flipco Holdco LLC, caused a "purchase money" lien to be placed against the 601 Cottage property for money purportedly loaned to Sanchez.

*See* Dkt. 19 ¶ 169.

That's it. Even accepting these minimal allegations as true for the purposes of dismissal[1], FlipCo's involvement as a lender is not grounds for a breach of fiduciary duty claim or any other relief against it. There is no allegation that FlipCo ever held title to the property or that it had any direct dealings with Dyer. Moreover, acting as only a lender, FlipCo only accepted payments from Sanchez to satisfy FlipCo's loan. And importantly, FlipCo released its lien on the Subject Property

---

[1] FlipCo accepts Dyer's rendition of facts solely for purposes of this Motion, as is required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

more than a year ago in July 2023 (after Sanchez satisfied the loan from FlipCo). *See* Exhibit A (Certified Copy of Release of Lien under Recording No. RP-2023-271423, from the Official Public Records of Real Property, Harris County, Texas).[2]

Given the absence of any pleaded connection between FlipCo and any wrongdoing, Dyer has not and cannot assert a plausible claim against FlipCo. All claims against FlipCo should be dismissed with prejudice.

## II.   BACKGROUND

As Dyer tells the story, in July 2020 he conveyed the Subject Property to the Carusos under a Deed of Trust. *See* Dkt. 19 ¶ 83, *see also id.* at p. 102-11 (Recorded Deed of Trust between Dyer and the Carusos). FlipCo is not alleged to be involved in this transaction whatsoever.

About two years later, Dyer appointed the Carusos as his attorneys-in-fact under a Durable Power of Attorney. *See id.* ¶ 10; *see also id.* at p. 112-22 (Recorded Durable Power of Attorney for Financial Management). Here again, FlipCo is still not alleged to be involved with this power of attorney in any way.

Then, nearly a year later, on February 1, 2023, the Carusos sold the Subject Property to Off Market. See *id.* ¶ 11; *see also id.* at p. 142-45 (Recorded General Warranty Deed from the Carusos to Off market). FlipCo is still not alleged to be involved.

---

[2] Though it may be outside the pleading, the Court may take judicial notice of this recording of the Release in consideration of FlipCo's Rule 12(b)(6) Motion to Dismiss. *See* FED. R. EVID. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Morlock, LLC v. JPMorgan Chase Bank, N.A.*, No. 4:12-CV-03648, 2013 WL 5231498, at *2 (N.D. Tex. Sept. 13, 2013) (holding that court could properly take judicial notice of copies of the "Deed of Trust, Assignment of the Deed of Trust...and a Declaration, Covenants, Conditions, and Restrictions" that Defendant had attached to its Motion to Dismiss "because they are all matters of public record, having been filed in the Public Records of Harris County, Texas, [and thus] may properly be considered in connection with a Rule 12(b)(6) Motion to Dismiss.").

Apparently, later that same day Off Market sold the Subject Property to Defendant Sanchez. *See id.* ¶ 12; *see also id.* at p. 146-51 (Recorded General Warranty Deed from Off Market to Sanchez). Dyer here says that FlipCo, acting solely as a lender, funded Sanchez's purchase of the Subject Property from Off Market and secured its loan against the property via a Deed of Trust. *See id.* ¶ 169; *see id.* at p. 164-80 (Recorded Deed of Trust and Security Agreement between FlipCo and Sanchez). Other than this standard security interest (that was released in July 2023; *see* Exhibit A), FlipCo is not alleged to have ever taken or held title or had any other involvement with Dyer or the Carusos.

Dyer initiated this lawsuit the following week on February 10, 2023, in Texas state court, claiming that these transactions conveying Subject Property were somehow unlawful.

Fourteen months later, in April of this year, Dyer removed this case to bankruptcy court. A few months after that removal, Dyer amended his complaint (for the *fifth* time). Dkt. 19.

The new pleading asserts several claims against *other* parties for fraud, conspiracy, breaches of fiduciary duties, but pleads only a single cause of action against FlipCo for "Third Party Recovery for Knowing Participation in Breach of Fiduciary Duties." *See id.* ¶¶ 252-66. Dyer also lists FlipCo as a defendant in the Table of Contents for his claim of Conspiracy to Fraudulently Convey or Transfer 601 Cottage Street, but omits FlipCo as a party under the cause of action. Compare Dkt. 19 at p. 7 and ¶ 221(a)-(d). Additionally, Dyer seeks equitable relief against FlipCo in the form of a constructive trust, injunctive relief, and recission. *See id.* ¶¶ 315-29 ("Request for Hearing for Specific Injunctive Relief"), 334-40 ("Application for a Constructive Trust"), 341-44 ("Request for Recison [sic] Relief").

That is it: FlipCo loaned money to a tertiary purchaser of the Subject Property and secured that loan via a lien was later released.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule, however, "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) ("[W]e will not strain to find inferences favorable to the plaintiffs and we will not accept conclusory allegations, unwarranted deductions, or legal conclusions." (quotation marks omitted)).

A claim is "plausible" only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly,* 550 U.S. at 570.

Additionally, "[a]lthough the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (quoting *Toner v. Allstate Ins. Co.*, 821 F.Supp. 276, 283 (D.Del.1993)). Importantly, "[i]n every case based upon fraud, Rule 9(b) requires the plaintiff to allege as to each individual defendant 'the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants.'" *Hernandez v. Ciba–Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001).

## IV.    ARGUMENT AND AUTHORITIES

Dyer's claim against FlipCo for "Knowing Participation in Breach of Fiduciary Duties" fails to demonstrate that FlipCo knew of a fiduciary duty or was aware of participating in the breach of that alleged duty. The Amended Complaint, instead, only describes FlipCo's role as a lender in an arm's length transaction, which is insufficient and does not demonstrate any wrongdoing.

Additionally, Dyer's requests for equitable relief are unsustainable and moot, as FlipCo holds no interest in the Subject Property and has already released its lien.

**A.    Dyer's claim for Third-Party Recovery for Knowingly Participating in Breach of Fiduciary Duties against FlipCo lacks sufficient factual allegations.**

To state a knowing-participation claim, a plaintiff must show: "(1) the existence of a fiduciary relationship; (2) that the third party knew of the fiduciary relationship; and (3) that the third party was aware that it was participating in the breach of a fiduciary relationship." *D'Onofrio v. Vacation Pubs., Inc.*, 888 F.3d 197, 216 (5th Cir. 2018) (quoting *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639 (5th Cir. 2007)); *Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 580 (Tex. App.—Dallas 2007) ("When a third party knowingly participates in the breach of a fiduciary duty, the third party becomes a joint tortfeasor and is liable as such. A cause of action premised on a contribution to a breach of fiduciary duty **must involve the knowing participation in such a breach**.") (emphasis added).

Dyer fails to allege any facts to sustain a vicarious fiduciary duty claim against FlipCo. He nowhere pleads how FlipCo knew of any fiduciary duties between the parties—let alone that FlipCo could have known it was somehow participating in a breach of any fiduciary duty. Instead, Dyer's pleadings are limited to the assertion that FlipCo was a secured lender (*id.* ¶ 169) and the conclusory group allegations reciting the elements under the cause of action (*id.* ¶¶ 252-66).

Without facts regarding FlipCo's knowledge or participation—or any other facts that plausibly lead to that conclusion—Dyer's claim must be dismissed. *See, e.g.*, *Schmidt v. JP Morgan Chase Bank*, 2018 WL 1363761, at *4 (S.D. Tex. Feb. 1, 2018), adopted, 2018 WL 1353309 (S.D. Tex. Mar. 15, 2018) (dismissing for failure to plead knowledge); *see also Cent. Tex. Express Metalwork*, *LLC v. Chavez*, 2021 WL 3631009, at *8 (S.D. Tex. July 7, 2021) (dismissing claim where there were multiple defendants and plaintiff "fail[ed] to clarify which actor was the third party").

Additionally fatal, the sufficiency of his allegations under this claim are subject to Rule 9(b)'s heightened pleading standards. Dyer seeks exemplary damages on the basis that FlipCo and other defendants under this cause of action acted "with fraud or malice." Dkt. 19 ¶¶ 253 ( "[P]articipation in a breach of fiduciary duty can be the basis of an award of exemplary damages where the jury finds the defendant acted with fraud or malice."), ¶ 293 ("Dyer seeks exemplary damages . . . against all third party defendants who knowingly participated in the Carusos' breaches of fiduciary duties *who acted with malice or fraud*.") (emphasis added). But again, Dyer's Amended Complaint does not detail any FlipCo involvement beyond that of a lender, let alone describe any fraudulent acts FlipCo. Accordingly, the allegations fail to provide the details necessary to meet Rule 9(b)'s heightened pleadings standards. *See Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) ("Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out.").

Simply put, Dyer does not allege facts to support a claim against FlipCo under any pleading standard. FlipCo's alleged involvement in "purchasing" the Subject Property is pleaded as a mere arm's length transaction between a lender and borrower (Sanchez). *See* Dkt. 19 ¶ 163; *see also 1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital*, 192 S.W.3d 20, 36 (Tex.

App.—Houston [14th Dist.] 2005, pet. denied) ("Generally, the relationship between a borrower and a lender is an arm's length business relationship in which both parties are looking out for their own interests.").

Further, there is no pleading that FlipCo maintained any relationship with Sanchez (or any other party) that would make it privy to any existing fiduciary duty between Sanchez, the Carusos, Dyer or any other party when the Subject Property was conveyed to Sanchez. *See Manufacturers Hanover Trust Co. v. Kingston Inv. Corp.*, 819 S.W.2d 607, 610 (Tex. App.—Houston. [1st Dist.] 1991, no writ) (a "bank and its customers do not have a special or confidential relationship").

**B. Dyer's requests for equitable relief from FlipCo are unsustainable and moot.**

Similarly, Dyer's claims for equitable relief against FlipCo thrice fail. ***First***, the request for a constructive trust is unsustainable, as there is no pleaded prior relationship between FlipCo and Dyer, nor any pleading about how FlipCo would've received proceeds from any sale of the Subject Property, nor any pleading that it played any role that could establish a conspiracy to breach a fiduciary duty or defraud. ***Second***, the demand for injunctive relief is unwarranted, as FlipCo released its secured lien and holds no interest or control in the Subject Property; it, therefore, cannot cause any irreparable harm. ***Lastly***, Dyer's request for rescission is moot because FlipCo has already released its lien on the property, leaving nothing to rescind. Each of these equitable relief claims are treated in turn.

*i. Constructive Trust*

"A claim for constructive trust under Texas law requires the establishment of three elements: (1) breach of a fiduciary relationship or, in the alternative, actual fraud, (2) unjust enrichment of the wrongdoer, and (3) tracing of the property to an identifiable res." *See In re Riverstone Resort, LLC*, No. 21-33531, 2023 WL 2721379, at *9 (Bankr. S.D. Tex. Mar. 30, 2023)

(citing to *Monnig's Dep't Stores, Inc. v. Azad Oriental Rugs, Inc.*, 929 F.2d 197, 201 (5th Cir. 1991) (applying Texas law)). For a constructive trust claim, the "critical requirement" is that "the parties have a confidential or fiduciary relationship *prior to and apart from the transaction in question*." *Monnig's Dep't Stores* 929 F.2d at 201. And "mere subjective confidence among business associates or the like is insufficient to support a constructive trust." *Id.* at 202.

Here, not only is no prior relationship pleaded, no relationship or privity with Dyer is pleaded at all. The sum of FlipCo's involvement is limited to FlipCo and Sanchez. FlipCo is not pleaded to have received any "monetary gains" from the sale of the Subject Property [Dkt. 19 ¶ 336]. Accordingly, Dyer cannot sustain a constructive trust claim that would apply to any action or "monetary gain" of FlipCo.

   ii. *Injunctive Relief*

Dyer's request for injunctive relief against FlipCo asks the Court for both an immediate, preliminary injunction and to permanently enjoin FlipCo (among others) from: "damaging, altering or transferring the title, any interest, filing any deeds affecting the title to . . . or selling or attempting to sell . . . transferring or attempting to transfer . . ." or otherwise dispose of or impair the Subject Property." *See* Dkt. 19 ¶ 324(a). Here again, FlipCo maintains no current interest in the Subject Property—let alone any "control to damage, alter, or transfer" the title. *See* Exhibit A.

As such, there is no irreparable harm or injury that FlipCo could cause, and it is unclear how any injunctive relief (preliminary or permanent) against FlipCo will benefit Dyer—omissions that are again dispositive. *See In re Hardaway*, No. 06-20691, 2007 WL 685692 (Bankr. S.D. Tex. Mar. 1, 2007) (citing to *Landmark Land Co., Inc. v. Office of Thrift Supervision*, 990 F.2d 807 (5th Cir.1993)) ("The elements which a movant is required to prove for issuance of a preliminary injunction are (1) a substantial likelihood of success on the merits, (2) a substantial threat of

irreparable harm if the injunction is not issued, (3) that the threatened harm exceeds any harm flowing from the injunction, and (4) that the injunction would serve the public interest."); *see also Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 533 (5th Cir. 2016) ("A party seeking a permanent injunction must 'establish (1) success on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest.'"). Additionally, Dyer's allegations are insufficient to show any substantial likelihood of success on the merits for its claim against FlipCo, as discussed *supra*.

    *iii.*    *Rescission*

Dyer's basis for including FlipCo in his request for rescission is based on the allegation that FlipCo has "impose[d] a lien and security interest" on the Subject Property. Dkt. 19 ¶ 343. Again, though, FlipCo recorded a release of that lien more than a year ago. *See* Exhibit A. Thus, there is nothing to rescind as to FlipCo. Even if there was, Dyer must state a viable claim to obtain recission—it is a form of *relief*—which he has not. *Hudson v. Tex. W. Mortgage, LLC,* No. CV H-15-1593, 2017 WL 9249491, at *6 (S.D. Tex. Feb. 9, 2017), *report and recommendation adopted*, No. 4:15-CV-1593, 2017 WL 928134 (S.D. Tex. Mar. 9, 2017) (requiring a separate viable claim to warrant recission).

## V.    CONCLUSION

FlipCo respectfully requests that the Court grant its Motion to Dismiss Plaintiff Jamison H. Dyer's Amended Complaint pursuant to Rule 12(b)(6). FlipCo further requests any additional relief to which it may be entitled.

MCDOWELL HETHERINGTON LLP

By: _____

Robert P. Debelak III

Texas Bar No. 24078410
Federal ID No. 1357835
Justin R. Huber
Texas Bar No. 24091948
Federal ID No. 3804830
1001 Fannin Street, Suite 2400
Houston, TX 77002
P: 713-337-5580
F: 713-337-8850
E:  bobby.debelak@mhllp.com
    justin.huber@mhllp.com

*Counsel for Texas FlipCo Financial,*
*LLC and Flipco HoldCo, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 23, 2024, a true and correct copy of the foregoing was duly served on all counsel of record in accordance with the Federal Rules of Civil Procedure through electronic service via the Court's Pacer system and by mail to any parties who have not appeared in the case.

_____
Justin R. Huber

11