United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 24, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-80163 |
| JAMISON HAMLIN DYER, | § | |
| | § | CHAPTER 13 |
| Debtor. | § | |
| | § | |
| JAMISON HAMLIN DYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 24-8004 |
| | § | |
| LINDA CARUSO, JOHN CARUSO, | § | |
| CARUSO INVESTMENT GROUP LLC, | § | |
| BRIAN A SPITZ, BIG STATE HOME | § | |
| BUYERS, LLC, OFF MARKET, LLC, | § | |
| ALEJANDRO SANCHEZ, TIFFINY | § | |
| CARROLL (SCOTT), CARROLL (SCOTT) | § | |
| NEST NETWORKS LLC, TEXAS | § | |
| FLLIPCO FINANCIAL, LLC, FLIPCO | § | |
| HOLDCO, LLC, AND FIDELITY | § | |
| NATIONAL TITLE AGENCY, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER REMANDING CASE

Pending before this Court is a state court case that the plaintiff/debtor removed to this Court on April 17, 2024.[1] The Court held a pretrial conference on August 23, 2024, and counsel for plaintiff and counsel for defendants appeared. The Court has considered the pleadings filed in the state court, the underlying bankruptcy case, as well as the Amended Complaint[2] and answers[3] filed in this adversary. The question before the Court is whether this Court should, sua sponte, remand this adversary to the state court on equitable grounds or for lack of subject matter jurisdiction. All counsel that appeared on behalf of defendants favored remand. For the following reasons, the Court remands this adversary case to the 127th Judicial District Court of Harris County, Texas.

There are only two instances where removing a state court lawsuit to a federal bankruptcy court is appropriate, where removal is permitted under the bankruptcy removal statute, 28 U.S.C. § 1452(a) or under the general removal statute 28 U.S.C. § 1441. Once the state court lawsuit has

---

[1] ECF No. 1.
[2] ECF No. 19.
[3] ECF Nos. 20 and 21.

been removed, the Court may remand the cause of action on any equitable ground, to the original court.[4] This provision affords the court broad discretion in determining whether to remand the matter or to deny a remand request.[5] The Court may also remand sua sponte if there is a lack of subject matter jurisdiction.[6]

In the present case, the plaintiff/debtor Jamison Hamlin Dyer ("Dyer") asserts the following causes of action: 1) declaratory judgment to determine ownership of real property located at 601 Cottage St., Houston, Texas (the "Cottage Property"); 2) fraudulent conveyance or transfer of Cottage Property; 3) conspiracy to fraudulently convey or transfer the Cottage Property; 4) breach of fiduciary duty; 5) statutory fraud; 6) unreasonable collection and violation of both Texas and Federal Fair Debt Collection Acts; 7) conversion of personal property in Cottage Property and from real property located at 4126Q ½ St., Galveston, Texas (the "Galveston Property"). Dyer is seeking actual damages for mental anguish, loss of use, lost profits, theft, loss of value of Galveston Property, consequential damages, and exemplary damages. The complaint also has a request for injunctive relief against defendant Alejandro Sanchez ("Sanchez") from marketing the Cottage Property, a request for an accounting, a request for a constructive trust, rescission of the sale of the Cottage Property. Lastly, the complaint claims Defendants OffMarket, Nest Network, Big State Home Buyers, and Brian Spitz are vicariously liable for the claims in the complaint.[7]

The state court lawsuit was initially filed on February 10, 2023, under Case No. 2023-08753, *Dyer v. Caruso, et al*, In the 127the Judicial District Court of Harris County, Texas. (the "State Court Suit"). Some of the causes of action have already been ruled on in the State Court Suit, most significant that Sanchez was granted judgment on March 19, 2024 stating that Dyer has no equitable or legal interest in the Cottage Property, that Sanchez is a bona fide purchaser for value of the Cottage Property and that equitable and legal title to the Cottage Property is vested in Sanchez.[8] On July 5, 2024, an order was entered in the State Court Suit severing Sanchez, stating that all severed claims against him have all been disposed of and are final and appealable.[9] The State Court Suit was set for trial on July 15, 2024.[10]

In evaluating whether to remand, the Court has considered the following factors: 1) the convenience of the forum; 2) the presence of non-debtor parties; 3) whether the case should be tried as a whole in state court; 4) the duplicative and uneconomic effect of judicial resources in two forums; 5) the lessened possibility of inconsistent results; 6) whether the state court would be better able to address issues of state law; 7) the expertise of the bankruptcy court; 8) the degree of relatedness or remoteness to the main bankruptcy case; 9) prejudice to involuntary removed parties; 10) whether the case involves forum shopping; 11) the burden on the bankruptcy court's docket; and 12) considerations of comity.[11]

---

[4] § 1452(b); Fed. R. Bankr. P. 9027(d),
[5] *Best v. Galloway* (*In re Best*), 417 B.R. 259, 270 (Bankr. E.D. Pa. 2009).
[6] *In re Rhee*, No. 11-03369, 2011 WL5240152 (Bankr. S.D. Tex. Ot. 10, 2011).
[7] ECF No. 19.
[8] ECF No. 35-14.
[9] Case No. 24-80163, ECF No. 52-12, pages 8-11
[10] ECF No. 36-18
[11] *In re Ciclon Negro, Inc.*, 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001)

The Court concludes that this is a matter best left to a competent state court. All of the parties are Texas citizens, making the forum neutral. The defendants are all non-debtor parties, favoring remand, the case has been pending in state court for a significant amount of time and the state court is intimately familiar with the facts and evidence, and the case was set for trial for July 15, 2024. Judicial efficiency favors remand. All of the causes of action constitute claims rooted in Texas state law, and there are no bankruptcy issues or claims plead. Moreover, the property at issue, the Cottage Property, is not property of Dyer's bankruptcy estate making it a burden on the bankruptcy court's docket. The Court finds that all the factors are either neutral or favor remand.

Accordingly, the Court remands this case to the 127th Judicial District Court of Harris County, Texas.

**THEREFORE, IT IS ORDERED** that all causes of action in this adversary proceeding No. 24-08004 are remanded to the 127th Judicial District Court of Harris County, Texas.

**IT IS FURTHER ORDERED** that this Adversary is closed.

SIGNED 08/23/2024

_____
Jeffrey Norman
United States Bankruptcy Judge